UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

JEFFERY D. ELLIS                                    NUMBER 05-6-JVP-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 12, 2009.

                                                          */s/ Stephen C. Riedlinger*
                                           STEPHEN C. RIEDLINGER
                                           UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                             CRIMINAL ACTION

JEFFERY D. ELLIS                                   NUMBER 05-6-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Petitioner Jeffery D. Ellis filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Record document number 74.

Petitioner pled guilty to one count conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. On January 27, 2006, the petitioner was sentenced to 108 months in the custody of the Unites States Bureau of Prisons.  Petitioner timely filed a notice of appeal, but the appeal was subsequently dismissed for want of prosecution.  *United States of America v. Jeffery D. Ellis*, No. 06-30276 (5th Cir. 2006).  On June 30, 2008, the petitioner was granted an out-of-time appeal.  On May 22, 2009, the United States Court of Appeals for the Fifth Circuit dismissed the petitioner's appeal as frivolous.  *United States of America v. Jeffery D. Ellis*, No. 08-30664.

Petitioner's § 2255 motion was filed timely.  No evidentiary hearing is required.

1

Section 2255 contains four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

Petitioner raised three grounds for relief in his § 2255 motion: (1) he received ineffective assistance of counsel on appeal; (2) he received ineffective assistance of counsel at trial; and (3) the court erred in applying a presumption of reasonableness to the advisory guideline range when imposing sentence.

### **Ground One: Ineffective Assistance of Counsel on Appeal**

In his first ground for relief, the petitioner argued that appellate counsel rendered ineffective assistance when he failed to file a reply brief challenging the validity of the appeal waiver provision of the plea agreement. This argument is based on a prior determination by this court that trial counsel was ineffective for failure to perfect the appeal by paying the appellate filing fee. The gist of the petitioner's argument is that because trial counsel was ineffective for failing to perfect the appeal, all actions taken by him, including negotiations related to his guilty plea and

2

the appeal waiver, are invalid.

The Sixth Amendment entitles a criminal defendant to effective assistance of counsel on direct appeal. *United States v. Reinhart*, 357 F.3d 521 (5th Cir. 2004). To prevail on a claim for ineffective assistance of counsel, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052 (1984). The failure to brief what is ultimately determined to be a meritless issue does not constitute ineffective assistance of counsel. *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981).

Following his conviction and sentencing, the petitioner filed a notice of appeal which was subsequently dismissed for want of prosecution. *United States of America v. Jeffery D. Ellis*, No. 06-30276 (5th Cir. 2006). Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255[1] which included a claim that he received ineffective assistance of counsel when trial counsel failed to perfect the appeal.

Following an evidentiary hearing a magistrate judge's report was submitted to the district judge recommending that the petitioner's motion be dismissed without prejudice, and that the judgment of conviction be vacated and then reinstated, thereby

---

[1] Record document number 39.

affording the petitioner an opportunity to file a new notice of appeal.[2] The credible evidence established that after filing the notice of appeal the petitioner's counsel abandoned the appeal without the petitioner's knowledge or consent and the petitioner's appeal was dismissed for want of prosecution.[3] The court held that counsel's representation fell below an objective standard of reasonableness, which deficient performance prejudiced the petitioner by causing the petitioner's appeal to be dismissed.[4] No finding was made that trial counsel's representation was otherwise deficient.

The fact that trial counsel's performance fell below an objective standard of reasonableness with regard to perfecting an appeal did not render his entire representation deficient. Consequently, the failure to submit a reply brief on this meritless issue did not render appellate counsel's representation deficient. Petitioner's claim is baseless.

### Ground Two: Ineffective Assistance of Counsel in the Trial Court

In his second ground for relief, the petitioner argued that he received ineffective assistance of counsel in the trial court.

---

[2] Record document numbers 47 and 56.

[3] Supplemental Magistrate Judge's Report, p. 9.

[4] *Id.*

4

Specifically, the petitioner argued that counsel was ineffective when he: (1) failed to file an appeal; (2) failed to provide effective counsel regarding the "totality of the 'appeal waiver'"; (3) failed to file motions; and, (4) failed to seek a continuance of sentencing proceedings to address an addendum to the Presentence Report (PSR).

No aspect of the petitioner's ineffective assistance of counsel claim has merit.

In the first component of his ineffective assistance of counsel claim, the petitioner argued that counsel failed to file an appeal. Petitioner raised this claim in his previous motion to vacate, set aside, or correct sentence.[5] The claim was resolved in his favor.[6] This aspect of the petitioner's ineffective assistance of counsel claim is moot.

In the second component of the petitioner's ineffective assistance of counsel claim, the petitioner argued that he received ineffective assistance of counsel regarding the "totality of the 'appeal waiver.'"

Ineffective assistance of counsel claims challenging the guilty plea and waiver provision survive the waiver. *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

To obtain relief based upon a claim of ineffective assistance

---

[5] Record document number 39.

[6] Record document number 62.

of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. at 2064. To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

The same test applies when a petitioner alleges ineffective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985). To satisfy the second prong of this test, the petitioner must show that "there is reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370. To meet the prejudice prong, the defendant must affirmatively prove, and not merely allege, prejudice. *Bonvillain v. Blackburn,* 780 F.2d 1248, 1253 (5th Cir. 1986). Thus, "[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the

6

conviction should be upheld if the plea was voluntary. In such a case there is 'no actual and substantial disadvantage' to the defense." *United States v. Diaz,* 733 F.2d 371, 376 (5th Cir.1984) (quoting *Diaz v. Martin,* 718 F.2d 1372, 1379 (5th Cir. 1983)).

Rule 11, Fed.R.Crim.P., ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting it. *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002). Petitioner has the burden to show (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2002).

Petitioner was rearraigned on July 22, 2005. During the Rule 11 colloquy, the district judge informed the petitioner of the charges against him to which he intended to plead guilty.[7] The district judge verified that the petitioner fully understood the charges against him and the sentencing ramifications of his guilty plea.[8] In addition, the district judge verified that the petitioner fully understood that he waived his right to appeal his conviction and sentence.[9]

Petitioner was adequately informed and was aware of the

---

[7] Record document number 42, Transcript of Re-Arraignment, pp. 7-8.

[8] *Id.* at 7-9.

[9] *Id.* at 9-10.

consequences of his plea and the appeal waiver provision. Petitioner's plea and appeal waiver were knowingly and intelligently entered. This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

In the third component of his ineffective assistance of counsel claim, the petitioner argued that counsel failed to file motions.

Petitioner did not identify any particular motion which he contends should have been filed, and he presented no basis upon which to conclude that counsel's failure to file some unspecified motion constituted deficient performance.

In the fourth component of his ineffective assistance of counsel claim, the petitioner argued that counsel was ineffective when he failed to seek a continuance of the sentencing proceedings to address the addendum to the PSR.

Petitioner failed to demonstrate that counsel's failure to seek a continuance was deficient or that he was prejudiced as a result of counsel's actions. Petitioner has not shown that given more time to consider the addendum to the PSR counsel could have made any argument which would have had any effect on the sentence. This aspect of the petitioner's ineffective assistance of counsel claim is also without merit.

There is no basis upon which to conclude that performance of the petitioner's counsel in the trial court was constitutionally

deficient.

### **Ground Three: Unreasonable Sentence**

In his third ground for relief, the petitioner argued that he received an unreasonable sentence. Specifically, the petitioner argued that the court apparently neglected to consider his personal background, character, and the circumstances underlying the offense in imposing the 108 month sentence. Petitioner acknowledged that a guideline sentence would have been between 87 and 108 months. Petitioner argued that consideration of his personal background, character, and the circumstances underlying the offense should have resulted in a sentence at the lower end of the guideline range. Yet, the sentencing transcript clearly indicates that the petitioner's personal background, character, and the circumstances underlying the offense were known to the court and were considered.[10]

Petitioner's sentence of 108 months is presumptively reasonable, *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), and therefore not constitutionally excessive. This claim has not merit.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the

---

[10] See, e.g. record document number 43, Sentencing transcript, pp. 20-24.

petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be dismissed with prejudice.

Baton Rouge, Louisiana, August 12, 2009.

```
                          _____
                             STEPHEN C. RIEDLINGER
                             UNITED STATES MAGISTRATE JUDGE
```